

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

August 8, 1952

Hon. Coke R. Stevenson, Jr.     Opinion No. V-1504
Administrator
Texas Liquor Control Board     Re:  Legality of retail beer
Austin, Texas                        licensee's selling or
                                     transporting beer to
                                     another licensed retail
                                     beer establishment un-
Dear Mr. Stevenson:                  der the same ownership.

        Your letter requesting an opinion of this office
concerning retail beer licensees is quoted in part as
follows:

        "In recent weeks we have received requests
    from the holders of retail beer licenses for
    permission to sell and transport beer from their
    licensed premises to other licensed stores, un-
    der the same ownership, located in and out of
    the same city and county.

        "I request your valued opinion on each of
    the following questions:

        "1.  Whether or not a Retail Beer Licensee
    can sell beer to other licensed retail beer es-
    tablishments, under the same ownership, and
    located in the same city as the seller.

        "2.  Whether or not a Retail Beer Licensee
    can transport beer from one licensed store to
    another, under the same ownership, and located
    in the same city.

        "3.  Whether or not a Retail Beer Licensee
    can sell beer to other licensed beer establish-
    ments, under the same ownership, but located in
    a city other than that of the seller.

        "4.  Whether or not a Retail Beer Licensee
    can transport beer from one licensed store to
    another, under the same ownership, but located
    in different cities.

The basic question presented by your request is whether the Texas Liquor Control Act prohibits the exchange of beer between different licensed retail beer establishments which are commonly owned, in the same way that such exchange is prohibited by the Act as between different owners. Article 667-19, Section A, provides that a retail beer dealer's license may be cancelled or suspended if the dealer has:

"18. Purchased beer for the purpose of resale from any person other than the holder of a Distributor's, Manufacturer's, or Branch Distributor's License; or

"19. Purchased, bartered, borrowed, loaned, exchanged, or acquired any alcoholic beverage for the purpose of sale from another Retail Dealer of alcoholic beverage; . . ."

Thus the general scheme of the Act normally limits the retail dealer's sources of supply to distributors and manufacturers and forbids the dealer to purchase or acquire beer from another retail dealer. The Act does not prohibit interchange between retail beer establishments in every instance. It does prohibit the purchase or other acquisition of beer by one retail dealer from another retail dealer or from someone else, who is not a distributor or manufacturer. Under the literal provisions of the Act, these prohibitions are operative only as to transactions between separate and distinct persons and not to mere transfers of merchandise between various licensed places which are owned by the same retail dealer.

Paragraph 18, Section A of Article 667-19 forbids the "purchase" of beer by the retail dealer from anyone except certain specified persons. But the provisions of this section are not applicable to transactions between several licensed establishments owned by the same person, because for a purchase there must be a sale and for a sale there must be a "transfer of property from one person to another in exchange for money or some other valuable consideration." Ballew v. State, 121 S.W.2d 346 (Tex. Crim. 1938). A sale in these circumstances is not possible.

Since a sale between establishments owned by the same person is not possible, it makes unnecessary an answer to your first and third questions.

Hon. Coke R. Stevenson, page 3, (V-1504)


This entire opinion is based on the assumption that the statement of "ownership by the same person" is correct and that the ownership is bona fide. If actual sales (i. e., transfers of property for money or other valuable consideration) are being made between establishments purportedly owned by the same person, an investigation of the purported ownership would be in order. Such circumstances would indicate some degree of difference in ownership and if so, the sales between such establishments would be unlawful.

We find nothing in the Liquor Act which prohibits the transportation of beer between licensed retail establishments because they are owned by the same person. In our opinion such transportation is lawful so long as other provisions of the Liquor Act pertaining to the transportation of beer are complied with.

### SUMMARY


The transportation of beer between licensed retail beer establishments which are owned by the same person is lawful provided other provisions of the Liquor Act relating to transportation are complied with.

APPROVED:

Ned McDaniel
State Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

RL/rt

Yours very truly,

PRICE DANIEL
Attorney General


By *Royston Lanning*
Royston Lanning
Assistant